The STATE of Ohio, Appellee,

v.

GRIFFIN, Appellant.

[Cite as *State v. Griffin* (1992), 73 Ohio App.3d 422.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1266.

Decided May 5, 1992.

*Ronald J. O'Brien,* City Prosecutor, *Marcee C. McCreary,* City Prosecutor, and *Brenda J. Keltner; Michael Miller,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

*William H. Truax,* for appellant.

---

McCormac, Judge.

George A. Griffin, defendant-appellant, entered a plea of guilty to a charge of domestic violence, a first degree misdemeanor. He was sentenced to one hundred eighty days' incarceration, which sentence was suspended, and he was placed on probation for a period of two years with special conditions. Those special conditions were that he serve one hundred eighty days in a work-release program, have no contact with the prosecuting witness, and attend domestic violence counseling.

Defendant appeals, asserting the following assignments of error:

"First assignment of error

"The trial court erred in requiring appellant to serve 180 days in the work-release program as a condition of his probation since it lacked any statutory authority to do so.

"Second assignment of error

"Assuming the trial court's [*sic*] acted properly in imposing work-release upon appellant as a condition of his probation, the court below erred in failing to credit the work-release time against the suspended jail sentence."

The primary issue is whether the trial court exceeded its authority in placing defendant in the Franklin County Work–Release Program as a condition of his probation.

R.C. 5147.28 provides a method by which the courts of common pleas and municipal courts may create a work-release program. As pertinent, that statute provides as follows:

"(A) The court of common pleas and each municipal and county court in a county in which all of such courts agree on uniform standards may provide by rule for a work-release program to permit any prisoner in a county or city jail or workhouse, other than a prisoner sentenced under a non-suspendable

sentence, to be employed with his consent outside of the jail or workhouse. In any county in which the common pleas court, after reasonable efforts to obtain such an agreement, determines that such is not possible, such court, after reasonable notice to all interested courts and officials, shall place into effect rules of such court making provision for a work-release program available to all courts within the county."

There exists no rule adopted by the Franklin County Municipal Court providing for a work-release program. Apparently, the particular program to which defendant was assigned was created solely by Rule 45 of the Rules of Practice of the Court of Common Pleas of Franklin County, Ohio, which program has not been adopted by rule of the Franklin County Municipal Court, the court from which defendant was sentenced.

By express language of R.C. 5147.28(A), the General Assembly has authorized the use of a work-release program only for "any prisoner in a county or city jail or workhouse * * *." To fortify the language, the General Assembly adopted subsection (C) of the statute, which provides:

"Upon approval of the sentencing judge located in any jurisdiction having a work-release program, any person sentenced to a county or city jail or workhouse shall be permitted to participate in a work-release program."

■ Since defendant's sentence of one hundred eighty days in the Franklin County Workhouse was suspended by the trial court, that court lacked authority to impose work-release upon defendant, pursuant to R.C. 5147.28, as a condition of his probation.

■ Even if the work-release program had been licensed by the Adult Parole Authority as a community residential center, the General Assembly has not provided for its use by a municipal court. R.C. 2967.14(A) permits only the court of common pleas to place offenders into that type of facility. No authority is granted for the municipal court to utilize the work-release program of the common pleas court authorized under R.C. 2967.14. No other statutory authority has been cited or found which grants the municipal court the discretionary power to require an offender to serve his time in a work-release program of the nature specified by the trial court.

■ The state agrees that the arguments advanced by defendant regarding the work-release program are probably correct. However, the state argues that defendant invited the error by specifically requesting that he be placed in a work-release program in lieu of serving time and that, therefore, he is disqualified from raising the error on appeal under the "invited error doctrine." The record, however, reflects that defendant may not have contemplated the conflict between the work-release program and the other probation

conditions that were imposed. Following the judgment of the trial court, defendant attempted to have his conditions of probation altered to substitute house arrest for the work-release program.

In any event, the court declines to apply the "invited error doctrine" and agrees with the parties that the work-release program imposed by the trial court as a condition of probation was beyond the authority of the trial court and erroneously imposed.

The next issue is what procedure should be taken to rectify the problem. Defendant argues that the work-release requirement should simply be deleted from his sentence. The state argues, supported by statements of the trial court, that work-release was an integral part of the sentence and was a primary consideration that induced the trial court to grant probation in the first instance. Therefore, the state argues that the entire sentence should be vacated and the case should be remanded to the trial court for resentencing.

We agree with the state that the work-release part of the probation was integral in causing the court to grant probation to defendant. If the work-release part of the probation granted defendant was deleted, it would leave a sentence significantly different from that contemplated by the trial court. In attempting to apply the sentencing guidelines, the trial court obviously wanted to provide additional protection to the victim of the domestic violence offense during the period of time that defendant was receiving counseling. Hopefully, that would result in no future domestic violence.

Defendant's first assignment of error is sustained to the extent that the sentence that is imposed upon defendant is vacated in its entirety. The case is remanded to the trial court for resentencing.

Defendant's second assignment of error is contingent upon a finding that work-release was properly imposed upon defendant. Since work-release has been set aside and defendant is to be resentenced in accordance with law, there is no issue before the court in regard to crediting work-release time against the suspended jail sentence.

Defendant's second assignment of error is overruled.

Defendant's first assignment of error is sustained to the extent that the sentence imposed upon defendant is ordered vacated in its entirety and defendant is to be resentenced according to the guidelines imposed by law. Defendant's second assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and MARTIN, JJ., concur.

W<span style="font-variant:small-caps">illiam</span> J. M<span style="font-variant:small-caps">artin</span>, J., of the Carroll County Court of Common Pleas, sitting by assignment.